10-5122-ag
Sun v. Holder

BIA
Holmes-Simmons, IJ
A098 397 350

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of November, two thousand eleven.

PRESENT:
　　　　RALPH K. WINTER,
　　　　REENA RAGGI,
　　　　SUSAN L. CARNEY,
　　　　　*Circuit Judges.*
_____

YULIANG SUN,
　　　　*Petitioner,*

　　　　v.					10-5122-ag
　　　　　　　　　　　　　　NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

FOR PETITIONER:　　　Charles Christophe, New York, New York.

FOR RESPONDENT:　　　Tony West, Assistant Attorney General; James A. Hunolt, Senior

**Litigation Counsel; Sarah L. Vuong, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner, Yuliang Sun, a native and citizen of the People's Republic of China, seeks review of a December 1, 2010, decision of the BIA affirming the June 3, 2008, decision of Immigration Judge ("IJ") Theresa Holmes-Simmons denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuliang Sun*, No. A098 397 350 (B.I.A. Dec. 1, 2010), *aff'g* No. A098 397 350 (Immig. Ct. N.Y. City June 3, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510,

513 (2d Cir. 2009). Because Sun concedes that this Court lacks jurisdiction to review the pretermission of his asylum application, and does not raise his argument made below that he suffered past persecution or fears future persecution on account of his political opinion, we solely address the agency's denial of withholding of removal and CAT relief on the basis of his Falun Gong practice.

The agency reasonably concluded that Sun failed to demonstrate that he had a well-founded fear of persecution based on his practice of Falun Gong, as he testified that neither his wife nor Chinese authorities knew about his practice. *See Hongsheng Leng v. Mukasey*, 528 F.3d 135, 143 (2d Cir. 2008) (holding that an applicant seeking relief based on future harm must make some showing that the government is aware or is likely to become aware of his activities—i.e., those activities that will allegedly lead to persecution). *See Hongsheng Leng*, 528 F.3d at 143; *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) (holding that a fear is not objectively reasonable if it lacks "solid support" in the record and is merely "speculative at best").

Because Sun's claim for withholding of removal and CAT relief related to his practice of Falun Gong were based on the same factual predicate, the agency did not err in

3

denying both forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4